IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE M. SPENCE and GAIL K. SPENCE, **Plaintiffs,** v. INTERNAL REVENUE SERVICE, **Defendant.** | 1:16-cv-3620-WSD |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiffs George M. Spence and Gail K. Spence's ("Plaintiffs") Complaint [2] pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.  BACKGROUND

On September 29, 2016, Magistrate Judge J. Clay Fuller forwarded Plaintiffs' Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In their Complaint, Plaintiffs seek reimbursement of alleged income tax overpayments in connection with their 2005 income tax payment. Plaintiff George Spence alleges that, in 2010, his tax preparer filed with the Internal Revenue Service ("IRS") revised personal income tax returns for 2008, 2007, and 2006.

Revised returns were filed because Mr. Spence alleges that, from 2005 through 2008, "[he] did not know that K-1 forms . . . could be used to reduce [his] tax obligation." (Compl. at 3). He alleges that, as a result of the revised forms, he received money from the IRS for his 2006 through 2008 tax payments. (Id.). He alleges that his tax preparer told him that the statute of limitations barred filing a revised return for 2005. (Id.).

Mr. Spence alleges that, in September 2014, he engaged in the IRS appeals process. On October 23, 2015, the Austin IRS Campus denied Plaintiff's claim, stating that Mr. Spence filed his claim for credit or refund more than three (3) years after the tax return due date . (Id. at 24). On August 9, 2016, the IRS appeals office in Atlanta, Georgia, upheld the denial of Plaintiff's claim. (Id.). The letter stated that Plaintiff could appeal the IRS's decision by filing suit in United States District Court. (Id.).

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiffs filed their Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

The Court is required to dismiss this action because Plaintiffs' claims are untimely.

> Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.  A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms.

United States v. Dalm, 494 U.S. 596, 608 (1990) (internal quotation marks and citations omitted).

4

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1).

A requirement for maintaining such a suit in court is the timely filing of a claim for refund or credit with the IRS.  26 U.S.C. § 7422(a); Dalm, 494 U.S. at 601.  The time for submitting such a claim for refund or credit is set forth in 26 U.S.C. § 6511(a), which provides:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).  "That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar."  Dalm, 494 U.S. at 610 n.7.

Plaintiffs were required to file their claim of overpayment within three years of filing their 2005 tax return, or within two years from the time they paid their 2005 taxes.  Though Plaintiffs do not allege the exact dates on which they filed their 2005 tax return or paid their taxes, it is clear that the statute of limitations had run by September 2014, when Plaintiffs filed their overpayment claim with the IRS.[1]  Because Plaintiffs' claim was filed late, the court lacks subject matter jurisdiction over their refund suit.  See Dalm, 494 U.S. at 608-609; Vintilla v. United States, 931 F.2d 1444, 1446 (11th Cir. 1991).  Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]    That Plaintiffs allege that, in 2010, they sought to file a revised tax return to recoup overpayment of their 2005 taxes suggests that Plaintiffs' 2005 taxes were paid, at the very latest, by 2010.

**SO ORDERED** this 6th day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE